AARON N. NEWCOMB, as Executor, etc., Appellant, *v.* EDWARD WEBSTER, as Executor, etc., et al., Respondents.

While, as a general rule, a will and codicil are to be construed as parts of the same instrument, and a codicil is no revocation of a will further than it is so expressed, where the codicil contains dispositions, inconsistent with provisions of the will, the latter will be deemed revoked to the extent of the discordant dispositions, and so far as may be necessary to give effect to the provisions of the codicil.

After the making of her will, the testatrix sold the principal real estate devised and acquired other real estate. She thereafter executed a codicil which, after providing for beneficiaries named in the will without any reference, however, to it, and also for new beneficiaries, gave all the rest and residue of her estate, real and personal, to certain beneficiaries named. It, by express provision, revoked so much of the will as was inconsistent with the codicil. In an action for the interpretation of the instruments, *held*, that all of the provisions of the will, save the clause appointing executors, were revoked by the codicil; but that, as said clause remained in force, both instruments were properly admitted to probate.

(Argued March 4, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 21, 1887, which affirmed a decision entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of a will and codicil.

It appeared that Angelina B. Walker died on the 7th of June, 1884, leaving real and personal property in Monroe county; that by her will, dated April 23, 1881, she, by its first clause, gave to her sister Olive, for life, house No. 89 Frank street; remainder to Mrs. A. B. Johnson, Mary A. Hatch and Milicent J. Johnson. By the second clause, to Anna Newcomb, for life, house and lot No. 14 Spencer street; remainder to the surviving children of Anna.

*Third.* She directed house No 89½ Frank street to be sold, and its proceeds applied in part to the erection of a monument

on "my lot in Mt. Hope;" $100 to the Mt. Hope commissioners to keep the same and lot in order, and the residue, " to Emeline Soper, William Springstead, Hubert Herrick, Nelly Soper, Frances Spencely and Elliott Hodges, of Rochester, N. Y., share and share alike, after first paying $100 each to Mrs. Rose Chrichton, of Rochester, N. Y., and to Charles P. Hodges, of Cleveland, Ohio, which I bequeath to them. The legacy of William Springstead to be deposited in the Monroe County Savings Bank and paid over with its accumulations when he arrives at twenty-one years of age."

*Fourth.* Directs No. 102 Jones street to be sold and proceeds to be divided between the six children of George Walker.

*Fifth.* She gives her piano to Robert P. Newcomb, son of Anna L. Newcomb, and all her household furniture and household goods and effects to her nieces, Mrs. Adelia Johnson, Mary Hatch, Anna Newcomb, Ida Springstead, of Rochester, and Minerva Herrick, of Watertown, N. Y., and also all residuary interests and estate, and finally appoints Aaron N. Newcomb and Edward Webster executors of the will, with power to sell and convey real estate. It further appeared that in the year 1882 she sold lot 14, referred to in the second clause of the will, and also No. 102 Jones street, referred to in the fourth clause. Afterwards, in 1884, she executed an instrument in these words:

"I, Angelina B. Walker, of the city of Rochester, county of Monroe and state of New York, do make, publish and declare this first codicil to my last will and testament, hereby revoking so much of my said last will and testament as is inconsistent with the provisions of this codicil.

"*Item First.* I direct one hundred dollars to be set aside and paid over to the commissioners of Mount Hope as a perpetual fund, the interest of which shall be annually expended to keep the lot in said Mount Hope belonging to my late husband Robert Walker and my brother Perry Hodges.

"*Second.* I give and bequeath to the Rochester Home for the Friendless one hundred and fifty dollars.

" *Third.* I give and bequeath to the Frank Street (otherwise Sixth) Methodist Episcopal Church of Rochester, to be expended by the trustees thereof towards erecting a parsonage for the use of their pastor, the sum of five hundred ($500) dollars.

" *Fourth.* I give and bequeath to the Rochester Orphan Asylum three hundred dollars, to be expended for the rearing and education of an orphan, Belle Peer by name.

"*Fifth.* I give and bequeath to Hubert Herrick, of Rochester, five hundred dollars, to be placed on interest in the Monroe County Savings Bank, paid over to him on arriving at twenty-one years of age; if he shall die before that date, then said legacy shall go to his mother, Minerva Herrick.

" *Sixth.* I give and bequeath to my sisters, Emeline Soper, and Olive J. Hatch, each the sum of five hundred ($500) dollars.

" *Seventh.* I give and bequeath to the six (6) children of my brother-in-law George Walker, each the sum of two hundred ($200) dollars.

"*Eighth.* I give and bequeath to my four nieces, Mrs. Anna Newcomb, Frances Spencely (of Canada), Adelia B. Johnson and Mary N. Hatch, all the rest, residue and remainder of my estate, both real and personal, to be divided equally between them, and share and share alike."

The trial judge found " that no part of said will is revoked by said codicil, except the second and fourth clauses thereof and the residuary devise in the fifth clause of said will, but that all other legacies and devises in said will and codicil ought to be carried into effect."

Further facts appear in the opinion.

*D. C. Barnum* for appellant. An entire disposition of an estate by a codicil is inconsistent with a prior will disposing of the same estate, and the will is revoked by it. .(*Hutchinson* v. *Hutchinson*, 2 L. J. [N. S.] 14; *Barlow* v. *Coffin*, 24 How. Pr. 54; *Larrabee* v. *Larrabee*, 28 Vt. 274; *Bedloe* v.

*Homer*, 16 Gray, 432; *Holder* v. *Howell*, 8 Vesey, 100; *Beardsley* v. *Selectmen*, 53 Conn. 489; 3 Atl. Rep. 557; *Kermode* v. *McDonald*, L. R., 1 Eq. 457; L. R., 3 Ch. App. Cas. 383; *Parker* v. *Nixon*, 9 Jurist [N. S.] 451; *Sidgreaves* v. *Brewer*, 15 Ch. Div. 594; *Smith's Estate*, 2 Pa. Co. Ct. Rep. 626; *Nelson* v. *McGiffert*, 3 Barb. 164; Shouler on Wills, § 407; *Ludlum* v. *Otis*, 15 Hun, 413; *In re Fisher*, 4 Wis. 254; *Price* v. *Maxwell*, 28 Penn. St. 23; *Henfrey* v. *Henfrey*, 6 Jurist, 355; *Plenty* v. *West*, 15 Eng. Law and Eq. 283; 17 Jurist, 9; Jarman on Wills, 173.) The residuary clause of the codicil takes all of the estate not named in the codicil and includes all that is not excepted from it. (*Cholmodely* v. *Weatherby*, 11 East, 322; *In re Hastings*, 20 Wk'ly Rep. 616; *Wallack* v. *Seymour*, Id. 634; *Holder* v. *Howell*, 8 Vesey, 100; *Thayer* v. *Wellington*, 9 Allen, 297; 1 Jarman on Wills, 760; *In re Fisher*, 4 Wis. 254.) That some of the legacies in the revoked will are specific and the residuary clause of the codicil general does not alter the revocation. (*Arrowsmith's Trust*, 2 D. F. & J. 474; *Barklay* v. *Maskeylne*, 5 Jur. [N. S.] 12; *Butler* v. *Greenwood*, 22 Beav. 303; *Hill* v. *Walker*, 4 Kay & J. 168.) The legacies in the codicil are not cumulative, but substitutions for those of the will. (*St. Albans* v. *Beauclerk*, 2 Atk. 636; *Coots* v. *Boyd*, 2 Brown's Ch. 521; *Osburn* v. *Leeds*, 5 Vesey, 384; *Moggridge* v. *Thackwell*, 3 Brown's Ch. 517; *Barclay* v. *Wainwright*, 3 Vesey, 462; *Atty.-Gen.* v. *Harley*, 4 Madd. 266.) It was the intention of the testatrix, as gathered from the two instruments and from all the circumstances, to revoke the will and make an entirely new disposition of her estate by the codicil. (*In re Fithian*, 44 Hun, 457, 181; *Scott* v. *Meeker*, 2 id. 162.)

*Roy C. Webster* for respondents. It is a general rule of the courts of law and equity to sustain a written instrument in all its provisions, so far as possible, and to reject no clause or sacrifice an interest when it can be reconciled. (*Taggert* v. *Murray*, 53 N. Y. 233; *Wood* v. *Sheehan*, 68 id.

365; Redfield on Construction of Wills [4th ed.] 352, 353.) For the purpose of ascertaining the testator's intention, the whole instrument must be considered. (*Westcott* v. *Cady,* 5 Johns. Ch. 334; *Hamilton* v. *Taylor,* 18 N. Y. 358; *Lynch* v. *Pendegast,* 67 Barb. 501; *Howland* v. *U. T. Sem.,* 5 N. Y. 214; *Brown* v. *Clark,* 16 Hun, 559; 77 N. Y. 369; *McMaster Estate,* 1 McCarty, 459; Redf. Sur. Pr. [2d ed.] 191, 192; *Brant* v. *Wilson,* 8 Cow. 56; *Conover* v. *Hoffman,* 15 Abb. Pr. 100; Jarman on Wills [5th Am. ed.] 346; 5 Ves. 243; 6 id. 100; *Whitmore* v. *Parker,* 52 N. Y. 462; *Oxley* v. *Lane,* 35 id. 340; *Harrison* v. *Harrison,* 36 id. 548; *Post* v. *Hover,* 30 Barb. 313; *Gilman* v. *Redington,* 24 N. Y. 9.) The introductory terms of a will or codicil may be considered to aid in its construction. (*Clark* v. *Jacobs,* 56 How. Pr. 519; *Youngs* v. *Youngs,* 45 N. Y. 257.) Specific legacies in a will are not revoked by general gift in a codicil. (1 Jarman on Wills [5th Am. ed.] 343, 346; 2 D. F. & J. 474; Redfield on Construction of Wills [4th ed.] 352; *Webb* v. *Carpenter* [R. I.] 12 Am. R. 129; *McNaughton* v. *McNaughton,* 34 N.Y. 201; *Philson* v. *Moore,* 23 Hun, 155; *Beck* v. *McGillis,* 9 Barb. 35.) Where two bequests, although of equal amounts, are given to the same legatee in different instruments, as by will in one case and a codicil in another, the presumption is in favor of the legatee, and he takes both. (*De Witt* v. *Yates,* 10 Johns. 156; 4 Hun, 739, 747; Wash. on Real Prop. [4th ed.] 530; *Ex parte Fuller,* 2 Story [U. S. Rep.] 327; *Ives* v. *Allen,* 13 Vt. 629; *McKinstry* v. *Sanders,* 2 T. & C. 181; 43 N. Y. 368.)

*Satterlee & Yeoman* for commissioners of Mount Hope Cemetery, respondents. If the legacies to these respondents were for the same purpose and cumulative, they are valid because given by different instruments. (*De Witt* v. *Yates,* 10 Johns. 157; *Chapin* v. *Montgomery,* 4 Hun, 739–747.)

DANFORTH, J. Both will and codicil were admitted to probate by the surrogate of Monroe county, and administration granted to the persons named in the will as executors; and some difference having arisen as to the effect of the codicil,

this action was brought by executor Newcomb and others against executor Webster and others for the purpose of obtaining a judicial construction of its provisions. The plaintiffs contend that the codicil revokes all the provisions of the will, except those relating to the appointment of executors, while the defendants suppose that both instruments can stand and the legacies and devises in each take effect.

The court at Special and General Terms have substantially sustained the view of the defendants, and from that decision the plaintiffs appeal.

It may be taken as a well settled general rule that a will and codicil are to be construed together as parts of one and the same instrument, and that a codicil is no revocation of a will further than it is so expressed. (*Westcott* v. *Cady*, 5 Johns. Ch. 343.) But if regarded as one instrument, it is found to contain repugnant bequests in separate clauses, one or the other, or both, must fail, and, therefore, the rule is, that of the two the bequest contained in the later clause shall stand.

The same principle applies with greater force where there are two distinct instruments relating to the same subject-matter. In such a case an inconsistent devise or bequest in the second or last instrument is a complete revocation of the former. But if part is inconsistent and part is consistent, the first will is deemed to be revoked only to the extent of the discordant dispositions, and so far as may be necessary to give effect to the one last made. (*Nelson* v *McGiffert*, 3 Barb. Ch. 158.)

In the case under consideration it appears that the testatrix in her lifetime, and after the making of the will, so dealt with the principal real estate described in it as by sale to revoke the gifts mentioned in the second and fourth clauses. She also acquired real estate, and entertained a desire that beneficiaries other than those first selected should share in her bounty. These circumstances would naturally require a redistribution of her estate, and in view of them, we think it clear that the testatrix intended to make new disposition of her entire property. Such is, at any, rate the effect of the language employed by her. There is, moreover, an express

revocation of so much of the will as is inconsistent with the provisions of the codicil. If we apply this language literally, it is obvious that the entire will is to be discarded, except so much as appoints executors and defines their powers. The codicil does not deal with that subject, and to that extent the testatrix was justified in regarding the will as a subsisting instrument. The codicil does, however, make a complete disposition of the property of the decedent, either by special legacy or residuary clause; it is capable of operation without aid from the will and, in fact, is entirely independent of it. The property divided, according to its terms, would leave nothing to apply upon the legacies or bequests of the will. The codicil, moreover, introduces new beneficiaries, and while it provides also for persons already named in the will, does so, not by referring to the will, or by way of increase or addition to shares given by it, but evidently by substitution, and then by formal and explicit language the testatrix gives to her four nieces all the rest and remainder of her estate, both real and personal, to be divided equally among them. The remainder here spoken of is that which is left after satisfying the legacies provided for in the same instrument, and it is impossible for the disposition made by the will to stand with that made by the codicil. Both instruments were, however, properly admitted to probate for the appointment of executors by the will, holds good although the estate is to be administered according to the provisions of the codicil.

The plaintiffs are, we think, entitled to a decree to that effect, and so far as the judgment appealed from is to the contrary, it should be reversed, with costs to the appellant. But as the defendants have heretofore succeeded, they also should have one bill of costs, both to be paid out of the estate.

All concur.

Judgment accordingly.