CATHARINE A. GRIGGS, Appellant, *v.* ISAAC GRIGGS, Respondent.

*Will and codicil — effect upon a specific devise in a will of a residuary clause in the codicil thereto.*

A testator by his will made provision for his wife so long as she might remain his widow and gave certain specific bequests to his brother, his adopted daughter and to his mother. By the 11th paragraph thereof he devised a certain farm to his nephew. He subsequently executed a codicil thereto, the 1st paragraph of which provided: "I hereby ratify and confirm said Will in every respect save so far as any part of it is inconsistent with this codicil." The codicil revoked the specific provisions previously made for his wife during her widowhood and certain bequests to relatives who had died subsequent to the making of the will and directed that all of the property covered thereby should revert to his estate. He then declared that the property which reverted to his estate should become the absolute property of his wife. In the 7th paragraph of the codicil he gave to his wife a certain house and lot not mentioned in the will, and in the 8th paragraph thereof gave to her "all the rest, residue and remainder of my estate, both real and personal." In the 12th paragraph of the codicil he again ratified the will, declaring: "I hereby ratify and confirm my said last will and testament in each and every other respect except as aforesaid."

*Held,* that it was not the testator's intention in the residuary clause of the codicil to revoke the specific devise made to his nephew by the 11th paragraph of the will and to devise such property to his wife.

APPEAL by the plaintiff, Catharine A. Griggs, from so much of a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 19th day of July, 1902, upon the decision of the court rendered after a trial at the Orange Trial Term directing a nonsuit, as adjudges that defendant is in the possession of certain real property, and as grants costs to the defendant, and also from an order dated the 10th day of June, 1902, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

*Edward W. S. Johnston* and *Howard Thornton,* for the appellant.

*A. H. F. Seeger,* for the respondent.

WOODWARD, J.:

The plaintiff brings this action to recover damages for an alleged trespass upon certain real estate. The defendant denies the trespass, pleading title to the premises, and the real question involved is the title to the property described in the complaint. After the testimony was closed, the plaintiff asked for a direction of a verdict and the defendant made a request for a nonsuit. Decision was reserved, and subsequently the learned trial justice handed down a decision, with findings of fact and conclusions of law, holding that the defendant was the owner of the premises. From the judgment entered appeal comes to this court, and though it is suggested that the practice was not entirely regular, we are of opinion that both parties having requested the court to rule in their favor and having consented to submit briefs, there is no doubt of the right of the trial court to make the disposition of the controversy which has been made. The only question presented on this appeal is, therefore, that of law; we are to determine whether the facts as determined justify the conclusions of law reached.

Isaac Griggs, the owner of the premises in dispute, made and published his last will and testament in March, 1882, and by the 11th paragraph of said will it was provided: "I give, devise and bequeath to my nephew Isaac Griggs, now residing on the Reed farm, the farm consisting of thirty-five acres, situate in Orange County and State of New York adjoining Mr. Adam Reed's farm, to have and to hold the same to him, his heirs and assigns forever."

In the same will the testator provided for his wife, so long as she might remain his widow, and gave certain specific bequests to his brothers and an adopted daughter, as well as to his mother. On the 4th day of February, 1886, the testator made and published a codicil to the aforesaid will, in which he provided in the 1st paragraph : " I hereby ratify and confirm said Will in every respect save so far as any part of it is inconsistent with this codicil," and then he revokes the specific provisions previously made for his wife during her widowhood, and directs that these revert to his estate. By a subsequent paragraph he provides that these matters which are to revert to his estate are to become the absolute property of his wife. He also revokes certain specific bequests to relatives who have died during his lifetime and subsequent to the making of the will, and these are to revert to his estate. In the 7th paragraph of the codicil he gives to his wife a certain house and lot not mentioned in the previous will. In the 8th paragraph it is provided : " All the rest, residue and remainder of my estate both real and personal of whatever name, nature and kind, and wheresoever the same may be situated, and whereof I may be possessed at the time of my decease, I give, devise and bequeath unto my beloved wife Catharine A. Griggs forever." In the 12th paragraph he again ratifies the will, declaring : " I hereby ratify and confirm my said last will and testament in each and every other respect except as aforesaid." It is claimed by the appellant that the 8th paragraph of the codicil, providing for the residuary estate, is inconsistent with the provisions of the 11th paragraph of the will under which the defendant claims title, and that the effect of the codicil was to revoke the specific grant of the farm to the defendant. Both parties agree that the will and codicil are to be read and construed together. It seems to us entirely obvious that the intent of the testator in making the codicil was to amend the paragraphs of his will which changing circumstances had made necessary or suggested, and otherwise to leave it in full force and effect. It would be absurd for the testator to go over the will in detail, changing a paragraph here and revoking a paragraph there, and then to ratify it " in each and every other respect except as aforesaid," without making any reference to the 11th paragraph, if he had intended by the 8th paragraph of his codicil to wipe this gift out of existence. The intent of the

residuary clause was not to revoke any specific devise or bequest, but to vest in his widow any and all property of which he might die seized, and which had not been specially disposed of in the will. This is the construction put upon the will and codicil by the learned trial court, and it is the only construction consistent with the evident purpose of the testator, who had a clear idea of what he wanted to accomplish in his original will, and who merely made some amendments in its various paragraphs to meet conditions as he found them to exist in 1886, four years after making the same, and in all other respects he ratified and confirmed the will as it had stood during that time.

The judgment and order appealed from should be affirmed, with costs.

HIRSCHBERG, J. (concurring):

I concur. *Newcomb* v. *Webster* (113 N. Y. 191) would be controlling to the contrary, but for the fact that the will in this case contained no residuary clause. Both documents here can be read together, the codicil modifying the will by precise directions in so far as modification was deemed desirable, and adding a residuary clause as a new provision in order to avoid intestacy, and without intending that the residue should be what was left after carrying out the provisions of the codicil alone, but after carrying out the provisions of the will and codicil together.

BARTLETT, JENKS and HOOKER, JJ., concurred.

Judgment and order affirmed, with costs.