OSBURN v. ROCHESTER TRUST & SAFE DEPOSIT CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1912.)

1. WILLS (§ 296*)—REVOCATION—DECLARATIONS OF TESTATOR—ADMISSIBILITY.
   Where testatrix, after executing a will and codicil, revoked the codicil by destroying it, but did not republish the will, which was found after her death in a safety deposit box, declarations that testatrix when making the codicil did not intend to affect the original will, except as to the legacy made by the codicil, were inadmissible on the issue of the revocation of the will.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 674; Dec. Dig. § 296.*]

2. WILLS (§ 199*)—REVOCATION—DECLARATIONS OF TESTATOR—ADMISSIBILITY.
   Where testatrix, after executing a will and codicil, revoked the codicil by destroying it, but did not republish the will, which was found after her death in a safety deposit box, and the codicil contained only an additional bequest which would reduce the property disposed of by the residuary clause in the will, she did not intend to revoke the will, and the court must give effect to such intention, if it can be done without disregarding the statute regulating the execution of wills and codicils.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 498; Dec. Dig. § 199.*]

3. WILLS (§ 184*)—REVOCATION—CODICIL.
   A codicil does not revoke a will except in so far as is expressly stated in the codicil, or in so far as its provisions are inconsistent with the will.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 462–467; Dec. Dig. § 184.*]

4. WILLS (§ 476*)—CONSTRUCTION—WILL AND CODICIL AS ONE INSTRUMENT.
   The court, in ascertaining the intention of testator, must consider the will and codicil as one instrument, and construe them together.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 997; Dec. Dig. § 476.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. WILLS (§ 99*)—EXECUTION—CODICIL.
A will and codicil are separate instruments for the purpose of consider-
ing the formality of their execution, and the validity of one is not de-
pendent on the validity of the other.
[Ed. Note.—For other cases, see Wills, Cent. Dig. § 237; Dec. Dig. §
99.*]

6. WILLS (§ 475*)—UNREVOKED WILLS—CONSTRUCTION.
Two wills may exist at the same time, where not repugnant to each
other; and, where both remain unrevoked, they will be construed to-
gether.
[Ed. Note.—For other cases, see Wills, Cent. Dig. § 996; Dec. Dig. §
475.*]

7. WILLS (§ 183*)—REVOCATION.
The rule that a portion of a will can be revoked only by an instrument
in writing properly executed applies only where it is sought to probate an
instrument of which some portion has been removed or obliterated.
[Ed. Note.—For other cases, see Wills, Cent. Dig. § 461; Dec. Dig.
§ 183.*]

8. WILLS (§ 184*)—CODICIL—CONSTRUCTION.
A codicil containing only a specific bequest does not revoke the residu-
ary clause in the will, but merely reduces the residuum of the estate by
the amount of the legacy.
[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 462–467; Dec. Dig.
§ 184.*]

9. WILLS (§ 175*)—REVOCATION—CODICIL.
The revocation, by destruction, of a codicil containing only a specific be-
quest, does not revoke the will, though the will contains a residuary
clause.
[Ed. Note.—For other cases, see Wills, Cent. Dig. § 454; Dec. Dig. §
175.*]

Robson and Foote, JJ., dissenting.

Action by Sarah A. Osburn against the Rochester Trust & Safe
Deposit Company, as executor of Sarah R. Devenport, deceased, and
others, to set aside the probate of the will of said decedent. There
was a directed verdict for plaintiff, and defendants' exceptions were
ordered heard in the Appellate Division in the first instance. Excep-
tions sustained, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROB-
SON, and FOOTE, JJ.

Fred C. Goodwin, of Rochester, for the motion.
Albert H. Stearns, of Rochester, opposed.

McLENNAN, P. J. The plaintiff is one of the next of kin of the
deceased. Sarah R. Devenport, the alleged testatrix, died in Roches-
ter, N. Y., on November 28, 1908. On June 24, 1909, a paper pur-
porting to be her last will and testament was duly probated in the
Surrogate's Court of Monroe county. This will, dated October 6,
1891, after directing the payment of her debts and funeral expenses,
bequeathed to her niece, Marion E. Russell, all her household belong-
ings and jewelry. A third paragraph bequeathed all the remainder of
her property, real, personal, and mixed in equal shares to the Roches-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ter City Hospital, the Rochester Orphan Asylum, Industrial School, and Home for the Friendless, all four of which institutions were located in Rochester, N. Y. The fourth paragraph of the will appointed the Rochester Trust & Safe Deposit Company as her executor, with directions and power to sell and convey all her real estate, and devote the proceeds to the purposes mentioned in paragraph third.

Upon the trial the facts pertaining to the alleged testamentary action of the deceased were conceded by all parties to be as follows: That Sarah R. Devenport left about $26,000 in personal property. That subsequent to the will offered for probate, dated October 6, 1891, the deceased made and executed a valid codicil. That said codicil was executed in accordance with the provisions of the statute, and contained a provision bequeathing a legacy of the sum of $1,000 to the First Methodist Church of Rochester, which was a corporation empowered to receive such a legacy. That thereafter and prior to the death of said testatrix she tore it up, thereby revoking the codicil and attestation clause attached thereto. That the testatrix did not at the time of the destruction of the codicil, or thereafter, republish the original will before the original witnesses. That the said will was found in her deposit box in the Rochester Trust & Safe Deposit Company of Rochester after her death and delivered to William N. Cogswell in the same condition in which it was probated. It was also conceded that the charities mentioned in the complaint were and are incorporated bodies.

[1] After the making of the above concession of facts, plaintiff rested, and defendants called as a witness Richard E. White, who testified that he is an attorney, and knew the deceased and prepared her will dated October 6, 1891; that some four or five or six years after that he prepared a codicil, and had a talk with her about the will at the time he prepared the codicil. When asked to give the conversation, plaintiff interposed an objection, which was sustained, and to this ruling defendants excepted. Counsel for defendants then stated his offer, as follows:

"I offer to show that she said she made this codicil without intending to affect the original will except as to this legacy of $1,000."

We think the refusal of the trial court to receive this evidence presents no error, as under the facts conceded above her declaration could have no bearing on the question of the effect of the codicil upon the provisions of the will. The witness then further testified that he knew the financial circumstances of the deceased and her husband, and that her property came from her husband through his will. Thereupon the will of her husband, George Devenport, was received in evidence.

The four defendant corporations named in the will then separately moved to dismiss the complaint upon the ground that the plaintiff had failed to make out a cause of action, and to the denial of their motions took an exception. One of such defendants then asked that the case go to the jury on the question of fact as to the intention of the testatrix in her dealings with the paper introduced in evidence as her will

and the destruction of the codicil. This motion was denied and an exception taken, and this also we think presents no error.

[2] The question of intent under such circumstances could only be material as bearing upon the proposition as to whether the testatrix intentionally performed the physical act of tearing up the codicil to her will, and whether she thereby intended also to revoke her will. It is admitted that she tore up the codicil with intention to revoke it. The fact that her will was found in her safe deposit box after her death shows that she had no intention of revoking her will. So that there remains only the question of law as to the effect of her act upon her will and codicil. By the will of her husband, dated April 17, 1891, all his property was bequeathed to his wife, Sarah R. Devenport, but, in case of her death prior to his own death, all the property was bequeathed to the four charitable institutions mentioned in the will of his wife. So that it appears that by her will the deceased has attempted to carry out the wishes of her husband in reference to the ultimate disposition of his property.

From the facts conceded there can be drawn no other conclusion than that the deceased by the destruction of her codicil intended to leave her will as formerly drawn and executed in full force and effect, and it is the duty of the courts to give effect to such intention if it can be done without disregarding the directions of the statute in reference to the formalities to be observed in the execution of wills and codicils. It has, however, been frequently pointed out by the courts that in such cases the intention of the testator is not the controlling feature, but rather the meaning of the Legislature as expressed in the laws of the state. In re O'Neil, 91 N. Y. 516; In re Whitney, 153 N. Y. 259, 47 N. E. 272, 60 Am. St. Rep. 616; In re Stickney, 161 N. Y. 42, 55 N. E. 396, 76 Am. St. Rep. 246; In re Blair, 84 Hun, 581, 32 N. Y. Supp. 845, affirmed 152 N. Y. 645, 46 N. E. 1145. We are able to find few reported cases in this state where a similar state of facts appeared. In the case of In re Tyler's Will (Sur.) 128 N. Y. Supp. 731, facts similar to those in the case at bar appeared, and it was held that the destruction of the codicil left the will in full force and effect; but, as it was there held that the codicil made no change in the provisions of the will, the reasoning employed is not of assistance in determining the present case, for in this case the codicil makes a bequest not mentioned in the will. In Matter of Brookman, 11 Misc. Rep. 675, 33 N. Y. Supp. 575, it appeared that there was found among decedent's papers a will and codicil, both upon the same sheet of paper and bound together in one cover. The signature to the codicil had been crossed out, and, in the margin beside the canceled signature, the word "void" was written in the handwriting of the deceased. It was held that the revocation of the codicil revoked the will. But it there appeared that the will was placed among useless papers by the deceased, and the surrogate found that the deceased intended to revoke both instruments. In Matter of Francis, 73 Misc. Rep. 148, 132 N. Y. Supp. 695, it appeared that both will and codicil were securely fastened together

at the time of the execution of the codicil, and were so found after the death of the decedent. When found the signature had been cut from the will and portions of the will had been canceled. The codicil was intact. The surrogate held that the will was revoked, and that the revocation of the will revoked the codicil, but upon the ground that the codicil was so dependent upon the will as to be incapable of separate existence.

[3] It is well-settled that the making of a codicil does not work a revocation of a will except in so far as is expressly stated in the codicil, or in so far as the provisions of the latter are inconsistent with the provisions of the will. Wetmore v. Parker, 52 N. Y. 450; Burnham v. Comfort, 108 N. Y. 535, 15 N. E. 710, 2 Am. St. Rep. 462; Newcomb v. Webster, 113 N. Y. 191, 21 N. E. 77; Redfield v. Redfield, 126 N. Y. 466, 27 N. E. 1032. So in the case before us it is clear that upon the execution of the codicil the will remained as it formerly was executed, except that another specific bequest of $1,000 had been made to a party not named in the will, and the residuary estate was reduced by that sum.

[4] It is insisted by plaintiff that a codicil to a will incorporates into it the will itself, and that the two taken together become the will of the testator, and that the then completed testamentary disposition speaks as of the date of the execution of the codicil, and that the destruction of the signature and attestation clause to the codicil destroys both the will and codicil, and several decided cases in this state have been called to our attention as supporting this contention, among others, Brown v. Clark, 77 N. Y. 369; Van Cortlandt v. Kip, 1 Hill, 590; Matter of Conway, 124 N. Y. 455, 26 N. E. 1028, 11 L. R. A. 796; Matter of Campbell, 170 N. Y. 84, 62 N. E. 1070.

Without following out the several interesting lines of argument which are presented upon the assumption that the two become one instrument, we are of the opinion that, while for the purpose of ascertaining the intention of the testatrix as to the disposition of her estate, it is necessary, as pointed out in the cases cited, to construe the will and codicil together, yet such is not the case when we come to consider the matter of the formality of their execution.

[5] They are physically two separate papers or instruments, and the validity of one is not so interdependent upon the validity of the other as that neither can stand alone. In some cases a codicil is a complete testamentary disposition in and of itself, and the destruction of the will with the intent to leave the codicil in force might have the effect of making the codicil the sole testamentary instrument, as appeared in Newcomb v. Webster, supra.

[6] Two wills may exist at the same time, neither repugnant to the other, and, if both remain unrevoked at the death of the testator, they will be construed together; but, if one is intentionally destroyed or revoked by the testator, the other remains as his will. Matter of Cunnion, 201 N. Y. 123, 94 N. E. 648, Ann. Cas. 1912A, 834.

[7] While it is true that a portion of a will can be revoked only by an instrument in writing properly executed (Lovell v. Quitman, 88

N. Y. 377, 42 Am. Rep. 254), we think that rule applies only where it is sought to probate an instrument of which some portion has been removed or obliterated, and that the reasoning does not apply where a testator, having in existence two or more wills or codicils which may consistently exist together as the expression of his testamentary wishes, destroys one of them with intent to revoke it and without the intention of affecting any other will he may have made.

[8] In this case it appears that the testatrix, after the execution of her will, desired to make a bequest of $1,000 to an institution not mentioned in her will. To accomplish this she executed a codicil in due and legal form. The only effect of the codicil upon the will was to reduce the residuum of the estate by $1,000, but it did not revoke the residuary clause in the will.

[9] It is not shown in the record that the codicil in any other manner varied or changed the provisions of the will. While the language employed in the opinions in some of the cases cited is to the effect that by the execution of a codicil a testator republishes the will, even without specific words to that effect, and incorporates all the provisions of the will in the codicil so that the two are to be construed together, we do not think this language was intended to refer to a situation other than that arising upon the probate of the will and codicil. In other words, we do not think it has been held that, if in such a case the testator destroys his will leaving the codicil intact, the codicil could be probated as including within itself in contemplation of law all the provisions of the canceled will. Yet such is the conclusion reached upon the argument advanced by the plaintiff. In our opinion the codicil in such case would only have the meaning given by the language found in it, although the contents of the revoked will might be material to explain the intent of the testator as expressed in the codicil. It is probably true that not every codicil can be probated as a will in and of itself, but whether it can or cannot depends upon the circumstances of the case.

We are of the opinion that the destruction of the codicil by the testatrix in this case revoked the codicil, and that such act did not revoke the will; it appearing that the testatrix did not intend that it should. The will then remained unimpaired in all its provisions. We think her action did not change the effect of the residuary clause. It assumed to bequeath all her property not otherwise disposed of by her testamentary acts, and we think such is its legal effect, notwithstanding she subsequent to its execution made a codicil which if she had allowed it to remain in force would have served to reduce the amount of the residuum of the estate.

It follows, therefore, that the defendants' exceptions should be sustained, and a new trial granted, with costs to plaintiff and one bill of costs to the defendants in this court and with costs to plaintiff and separate bills of costs to each defendant appearing upon the trial by separate attorneys, all costs payable out of the estate.

Defendant's exceptions sustained and motion for new trial granted, with costs to plaintiff and one bill of costs to defendants in this

court, and with costs in the court below to plaintiff and separate bills of costs to each party appearing by separate attorneys on the trial, all costs payable out of the estate. All concur; ROBSON, and FOOTE, JJ., in a separate memorandum by ROBSON, J.

ROBSON, J. (dissenting). I think the codicil at least operated as a revocation of the testamentary disposition made by the will to the extent of the legacy bequeathed thereby. The codicil having been revoked and the will not thereafter republished, testatrix died intestate as to that part of her estate.

FOOTE, J., concurred.