In the Matter of the Probate of the Last Will and Testament
of BAHNE J. DANKLEFSEN, Deceased.

MATTE WIUM, Appellant; RECTOR, CHURCH WARDENS AND
VESTRYMEN OF ST. GEORGE'S CHURCH OF THE CITY OF NEW
YORK and GEORGE H. FLETCHER, as Executor, etc., Re-
spondents.

(*Supreme Court, App. Div., Second Dept., January* 14, 1916.)

DECEDENT'S ESTATE—LIMITATION OF DEVISE TO RELIGIOUS CORPORATION—
WILLS—EFFECT OF REVOCATION OF FOREIGN WILL WHICH CONFIRMED A
PRIOR WILL EXECUTED IN THIS STATE.

Section 17 of the Decedent Estate Law, limiting the amount of prop-
erty which may be left to a religious corporation, does not apply where
the testator leaves a first cousin as nearest of kin.

A testator, after executing a will in New York, duly executed another
testament in Denmark, by which, after providing for his burial and
a specific legacy of personal property, he otherwise confirmed in every
respect his first will.   A year later he revoked the foreign will by
proper proceedings.

*Held,* that the New York will having been expressly ratified and con-
firmed by the foreign will, except as to the specific bequests, remained
valid notwithstanding the revocation, since the testator revoked only
the foreign will which was in effect a codicil to the New York will.

The provision in the foreign will for a specific legacy reduced the
residuary estate accordingly, and although subsequently revoked, this
reduction continued and to that extent the original will was annulled and
the testator died intestate as to this legacy, unless the original will was
thereafter republished.

APPEAL by Matte Wium, petitioner, from an order of the
Surrogate's Court of the county of Richmond, entered in the
office of said Surrogate's Court on the 28th day of September,
1915, denying her petition, as one of the next of kin of the
deceased, for a citation ordering the production of the original
or a certified copy of the later will of May 18, 1907, and of a
revocation of March 26, 1908, both of which were executed in
Danish in Copenhagen, Kingdom of Denmark, and that the
probate of the will of August 1, 1904, be revoked.

James C. Danzilo, for the appellant.

James H. Richards, for the respondents.

PUTNAM, J. — As the testator left, as nearest of kin, a first cousin, the act of 1860 (ch. 360), now section 17 of Decedent Estate Law (Consol. Laws, ch. 13; Laws of 1 909, ch. 18), did not apply, and the bulk of his estate could go to a religious corporation. Under the will made in New York August 1, 1904, the Rector, Church Wardens and Vestrymen of St. George's Church in the city of New York could validly receive the fund given them by the testator for the maintenance of the seaside work of St. George's Church by the Sea at Rockaway Beach, L. I. Appellant, however, relies on the effect of a later testament made in Copenhagen in May, 1907, followed by its formal revocation in 1908, both papers being in Danish, and executed before a notary according to Danish custom.

By the 1907 testament, 1st paragraph, provision was made for testator's burial in Staten Island; the 2d paragraph bequeathed his furniture, plate, china, linens, clothing and 200 kroner in money (about $54) to his housekeeper. The 3d paragraph as translated in the petition runs: "With the alterations consequent in the stipulations in paragraph 1 & 2, I confirm otherwise in every respect the will erected by me in 1904 in New York, in which I have decided that the Episcopal Church St. George, Stuyvesant Square in the City of New York, shall inherit my belongings."

After naming an executor, he subscribed this testament before a notary and two witnesses, and, according to continental usages, directed its entry in the notary register, so that a notarial copy could have the effect of an original.

In 1908 he revoked this will by an entry: "The foregoing Testament is hereby recalled in all its words and points," which deceased signed in presence of two witnesses. This was accompanied by a notarial certificate attesting this annulment,

as having been signed in the notary's presence: " The contents of which he, who was in full possession of his mental faculties, confirmed, after having declared that he know the same, and he further demanded that it be entered in the Notary Register with the legal effect that a copy thereof shall have the same validity as the original."

The will of 1904, having been expressly ratified and confirmed in all respects by the later will (except as to the small bequests), remained the testator's final disposition. Both wills could stand together; indeed, in legal effect, the Danish will of 1907 was but a codicil to the will of 1904.

Obviously he revoked only this codicil and not the will of 1904. Its original probate in Richmond county remained valid notwithstanding such revocation.

The surrogate, therefore, rightly denied the application to revoke the probate of the New York will and testament of August 1, 1904.

A point, thought perhaps too insignificant in amount, was not raised before the surrogate. This is the continuing effect of the legacy in the will of 1907. To that extent, namely, the 200 kroner and the furniture and clothing bequeathed, the residuary estate was reduced, which reduction was consummated at the moment of executing this second testament. Although this disposition was revoked in the following year, this reduction continued, and to that extent the original will was annulled and deceased died intestate as to this legacy, unless the New York will was thereafter republished. (Osburn v. Rochester Trust & S. D. Co., 209 N. Y. 54, 56, following Robson, J., in 152 App. Div. 235, 242.)

The surrogate's order denying appellant's petition is, therefore, modified so as to be without prejudice to appellant's right to offer proof of the notarial record of such foreign will and revocation under Code of Civil Procedure, section 956, or otherwise to establish the existence of such later testamentary docu-

ments, and, as so modified, the order of the Surrogate's Court of Richmond county is affirmed, without costs.

JENKS, P. J., THOMAS, STAPLETON and MILLS, JJ., concurred.

Order of the Surrogate's Court of Richmond county modified in accordance with opinion by PUTNAM, J., and as so modified affirmed, without costs.