In the Matter of the Judicial Settlement of the Account of Proceedings of EDGAR DAVIS, as Sole Surviving Executor of ELIZABETH P. GATFIELD, Deceased.

Surrogate's Court, Bronx County, December, 1923 (Received January, 1924).

**Wills — codicil — when provisions of will, inconsistent with codicil, deemed revoked.**

More than ten years after decedent had bequeathed certain articles of jewelry to named persons, she executed a codicil to her will, containing no words of revocation, by which, after a bequest of a diamond ring to a named person, repeating a like bequest to her by the will, she directed the sale of the remainder of her jewelry and that the proceeds of such sale be added to the principal of her estate.   *Held*, that the provisions of the will, being inconsistent with those of the codicil, were revoked.

PROCEEDINGS to construe a will.

*William R. Hill*, for executor.

*Thomas H. Baskerville*, for C. Frank Hart, life beneficiary.

SCHULZ, S.   The codicil to the last will and testament of the decedent executed more than ten years after her will, contains a bequest of a diamond ring to a legatee therein named. Immediately thereafter is a provision, as follows: " The remainder of my jewelry to be sold and the money derived from the sale to be added to the principal." In her will the decedent had bequeathed other articles of jewelry to persons therein named, and the question involved is whether or not the codicil revoked such legacies.

There are no words of revocation contained in the codicil and the two documents must be read together (*Westcott* v. *Cady*, 5 Johns. Ch. 334, 343; *Crozier* v. *Bray*, 120 N. Y. 366, 374; *Herzog* v. *Title Guarantee & Trust Co. of New York*, 177 id. 86) and effect given to both, if possible.   *Chew* v. *Sheldon*, 214 N. Y. 344, 350; *Hard* v. *Ashley*, 117 id. 606, 613.   The will remains effective except in so far as the provisions contained in the codicil are inconsistent with those of the will.   *Newcomb* v. *Webster*, 113 N. Y. 191; *Osburn* v. *Rochester Trust & Safe Deposit Co.*, 152 App. Div. 235, 239.

In view of the fact that the codicil repeats the bequest of the

diamond ring, which is contained in the will, it would seem that by the language quoted, the decedent intended to make some different disposition of the jewelry which she had bequeathed to others. If her intention had been as is contended, to dispose of so much of her jewelry as remained after the provisions of both her will and her codicil had been carried out, no good reason appears why she should have repeated the legacy already incorporated in the will. The fact that she does repeat it and immediately thereafter embodies the provision referred to, leads me to the conclusion that by the codicil she intended to dispose of the jewelry remaining after the legacy of the ring. By doing this, she in effect revoked the provisions of the will which made a different disposition of a part thereof and were inconsistent with the codicil.

Costs awarded to the petitioner and the respondent payable out of the estate.

Decreed accordingly.