Joseph A. Cox, S.
In this proceeding to settle the account of the executor a construction has been requested to determine (1) whether the holographic instrument dated October 26, 1953 admitted to probate by decree of this court on the 5th day of December, 1953 as a codicil to the last will and testament of the deceased, is in fact a codicil merely revolting certain charitable bequests made in the will of March 6, 1952 or does the said instrument revoke the whole of said will dated March 6, 1952? (2) Whether the bequest contained in the codicil to Haias is a bequest of $1 or a bequest of $100? (3) For identification of the legatees referred to in the codicil as ‘ ‘ Home of Incurables,” “ Haias ” and “ Kamentizer Yeshiva.”
In addition, the court is asked to determine the ownership of a certificate for six shares of stock and income debenture of üie Hillman Housing Corporation, which were apparently in I he decedent’s name at the time of her death and represents ownership in a co-operative apartment, the husband now claiming such ownership.
Objections to the will have been filed on behalf of the husband alleging that the will was in fact revoked; alleging that the instrument dated October 26, 1953 was not a codicil but was in effect the last will and testament of the decedent; objecting to the issuance of letters testamentary and letters of trusteeship to Morris A. Green, the executor and trustee named in the will dated March 6, 1952 and asking his removal as executor and trustee on the grounds that his appointment was revoked by the instrument dated October 26, 1953 and upon other grounds which shall be ruled upon later on in this decision.
The question to be determined therefore, is whether the words 111 revoke a will previously written by me leaving money to Haias, Home of the Sages and Incurables ” contained in the instrument dated October 26,1953 were intended by the decedent to effect a complete revocation of her prior will or merely to effect a revocation of the bequests to the named charitable institutions. This intent, if possible, must be spelled out of the words of the will and the subsequent instrument sought to be construed (Ann. 125 A. L. B. 936 and cases cited therein). Immediately after the words quoted above the decedent made the following dispositive provisions: “ I hereby bequeath the following:
1 ‘ Home of Incurables................. $100.00
Haias ............................. $100.00
Kamenitzer Yeshiva ............... $100.00 ”.
*196 The Instrument was then signed by the testatrix and properly witnessed. As can be seen, the holographic instrument dated October 26, 1953 which the objectant claims to be the last will and testament of the decedent disposes of only $300 of an estate of approximately $8,000. The will dated March 6, 1952, executed just one and one-half years prior to said “ codicil” which was apparently prepared by an attorney upon instructions of the decedent, disposed of all her property and the decedent was careful therein to give to her husband only his exact share pursuant to section 18 of the Decedent Estate Law.
In Matter of Purdy (20 N. Y. S. 307), the decedent executed two undated printed form wills, each of which contained printed revocation clauses, each will however, disposed of different property and the court held that one will was to be admitted as such and the other as a codicil thereto. (See, also, Matter of Benaglia, 195 Misc. 680.) In Matter of Smith (254 N. Y. 283, 287) the decedent executed a will in New York in 1911 and one in Florida in 1924. The Florida will contained the printed clause “ hereby revoking all former wills by me made The question was whether or not this effected a revocation of the New York will. The facts disclosed that the testatrix always regarded her assets in New York and Florida as separate and distinct funds and intended them to be administered separately. In addition, the 1924 will contained no residuary clause and disposed of assets of only $2,900 out of a total estate of $50,000. Accordingly, the court held (p. 291) ‘ ‘ the testatrix in executing the Florida will of 1924, wherein an omission to mention the New York properties and the New York will is made, had no intention to revoke the testamentary disposition thereof previously provided for. * * * For this view we find authority in the following: Denny v. Barton (2 Phillim. 575); Jarman on Wills ([6th Am. ed.], vol. 1, p. 170); Williams on Executors ([5th Am. ed.], vol. 1, p. 122).”
It is to be noted that in the case at bar, the decedent personally prepared the instrument dated October 26, 1953 without the aid of an attorney. In Matter of Miller (110 N. Y. S. 2d 228, 231) the court stated: “ It appears that the testator, a layman, personally prepared the later instruments without the aid of an attorney. That fact is important in considering the effect of such instrument and the testator’s intention. Matter of Ward’s Will, Sur., 63 N. Y. S. 2d 125, 129, affirmed 271 App. Div. 1053, 69 N. Y. S. 2d 357; Matter of Graves, 194 Misc. 394, 400, 86 N. Y. S. 2d 382, 388.”
The objectant urges that the reference to the charitable institutions in the clause “ I revoke a will previously written *197 by me leaving money to Haias, Home of Sages and Incurables ” was for the purpose of identifying the will she intended to revoke. Had only identification been the testatrix’ intention why did she not refer to the larger bequest made to her husband or to the residuary bequest made to her niece and her niece’s husband? Her allusion in this holographic instrument to only the charitable institutions, and her incidental misnomer of one of them lead this court to a contrary conclusion.
This court cannot from examination of the instrument dated October 26, 1953 find any intention on the part of the testatrix to revoke her prior will but merely a desire on her part to make changes therein which the instrument, when construed as a codicil effectively performs. In Davids on New York Law of Wills (§ 367), we find the statement: “ And the earlier instrument is properly admitted to probate although -all of its dispository provisions have been revoked and there remains only a clause appointing executors.” (See, also, Davids on N. Y. Law of Wills, § 366; Newcomb v. Webster, 113 N. Y. 191.) For the reasons stated above, the court dismisses objections 1, 2, 3 and 4. As the proceeding for construction could have been brought by the objectant herein had he wished an earlier ruling thereon, objections 5, 6 and 7 are also dismissed.
The matter will be set down for hearing on the 23rd day of May, 1958 at 11:30 a.m. to determine the ownership of the stock and income debenture of the Hillman Housing Corporation and for the purpose of identifying the legatees referred to in the codicil.
After determination of those issues, a decree may be submitted on notice or consent construing the instrument dated October 26, 1953 as hereinabove set forth.