(68 App. Div. 355.)

## In re CRANE.

(Supreme Court, Appellate Division, Second Department.  January 17, 1902.)

1. WILLS—VALIDITY.

Testatrix, leaving an estate of nearly $11,000, left all but $2,500 to her sister, her nieces, and her grandniece.  The balance of her estate was left for charitable uses.  She made no mention of her nephew, who lived in Ireland.  Her attorney, her physician, and the subscribing witnesses testified as to her free agency and due execution of the will. *Held*, that there was no evidence of undue influence.

2. SAME—WITNESSES—TRANSACTIONS WITH DECEDENT.

Code, § 827, prohibits the examination of a party as witness in his own behalf against the executor, etc., of a deceased person and concerning a personal transaction between the witness and deceased.  *Held*, that where on a will contest, on the ground that the will was secured by undue influence, testimony had been given relative to the visits of a certain priest at the house of testatrix, the priest being a legatee under the will, testimony of such priest in rebuttal as to the frequency of his visits, and whom he saw at the house when there, was not incompetent.

8. SAME—CODICIL—ATTESTATION.

That there is no attestation clause to a codicil to a will does not invalidate it.

Appeal from surrogate's court, Queens county.

In the matter of the probate of the last will of Ellen Crane, deceased.  From a decree of the surrogate upholding the will, contestant Catherine Mulcahy appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

O. B. Thomas, for appellant.

Daniel Brown, for respondent.

JENKS, J.  It appears that the testator left an estate of nearly $11,000.  The natural objects of her bounty were a sister, two nieces, a nephew, and a grandniece.  She gave something more than $2,000 each to her sister, her nieces, and her grandniece, and made the grandniece the residuary legatee.  She gave $300 to certain charities, $600 to Father Flannery, or whoever may be parson of the Roman Catholic church at Far Rockaway, out of which he was to distribute $300 for specific benevolent purposes.  She also gave either $900 or $1,200 to three different priests of the church, and requested that they should say masses for the repose of her soul and of the souls of her husband and her son, who had been a student for the priesthood.  She made no mention of her nephew, who lives in Ireland.  The testimony of Judge Healy, who prepared the will, her physician, and of the subscribing witnesses, is clear and convincing as to her competency, her free agency, and of the due execution of the will and its codicil, and we do not think that the learned surrogate erred in his determination, which upheld the will.  It is objected that the testimony of Father Sullivan was prohibited by section 827 of the Code.  We fail to find that alone it could be held to refer to any personal transaction or communication with the testator, or that any objection was made, save in one instance.  Mr. Sullivan testified that he would go to the house

three or four times a year. "Q. And upon those occasions whom did you see in the Crane house? (Objected to on same grounds as before; i. e., irrelevant, immaterial, and incompetent. Objection overruled. Exception.) A. Mrs. Crane and the girl, Agnes Carberry, I think." No motion was made to strike out. Conceding that the objection was sufficiently definite, this testimony was in rebuttal. Testimony had been given relative to Mr. Sullivan's visits to the house, and I think the evidence was admissible, under Pinney v. Orth, 88 N. Y. 447. This testimony was quite unimportant, and may be entirely disregarded without affecting the result one whit. Disregarding it, and examining the case as we may do (In re Rogers, 10 App. Div. 593, 42 N. Y. Supp. 133; In re Welling's Estate, 51 App. Div. 355, 64 N. Y. Supp. 1025), we think that the decision of the learned surrogate was right. The mere fact that there was no attestation clause to the codicil does not invalidate it. Lewis v. Merritt, 98 N. Y. 207.

I think, however, that the decree must be modified by striking out the allowance made to the counsel for Mr. Sullivan, and by making the other allowance directly to the party, and not to Daniel Brown (In re Welling's Estate, supra), and by providing that the same shall be payable out of the estate. As thus modified it should be affirmed.

Decree of the surrogate's court of Queens county modified in accordance with the opinion of JENKS, J., and as modified affirmed, with costs, payable out of the estate. All concur.