In the Matter of Proving the Last Will and Testament of ELLEN CAMPBELL, Deceased.

HOME FOR AGED MEN, Appellant; ARCHIBALD CAMPBELL et al., as Executors, etc., et al., Respondents.

WILL — EFFECT OF CODICIL TO WILL REVOKED BY LATER WILL. The effect of a codicil to a will which has been revoked by a later will is to revive and republish the earlier will as of the date of the codicil and to impliedly, if not expressly, revoke the intermediate will, so that the codicil and earlier will constitute the final testamentary disposition of the estate.

Matter of Campbell, 67 App. Div. 627, affirmed.

(Argued February 11, 1902; decided February 25, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 13, 1901, which affirmed a decree of the Albany County Surrogate's Court admitting to probate a certain instrument as the last will and testament of Ellen Campbell, deceased.

The facts, so far as material, are stated in the opinion.

A. Page Smith for appellant. In order to revive the revoked will of 1897 by the codicil it was necessary for the testatrix to give positive expression of her intention so to do, and that in the terms of the instrument itself. (Matter of Stickney, 161 N. Y. 44; Matter of Conway, 124 N. Y. 455; 2 R. S. ch. 6, tit. 1; Major v. Williams, 2 Curt. 453; Brown v. Brown, 8 E. & B. 876; Harwood v. Goodright, Cowp. 92; Goodright v. Glazier, 4 Burr. 2512; Moore v. Moore, 1 Phill. 412; Horton v. Head, 3 Phill. 32; Usticke v. Bowden, 2 Add. 166; James v. Cohen, 3 Curt. 770.) The act of the deceased was not a republication of the first will within the provisions of the statute. (Brown v. Clark, 77 N. Y. 369.) The testimony relative to the circumstances attending the execution of the codicil cannot be considered. (Matter of Conway, 124 N. Y. 455; Matter of O'Neil, 91 N. Y. 516.)

*Arthur L. Andrews* for Archibald Campbell et al., as executors, etc., respondents. The execution of the codicil was a republication of the will of 1897, causing it to speak as of the date of the codicil and both should be read and construed together as one instrument. (*Matter of Conway*, 124 N. Y. 455; *Caulfield* v. *Sullivan*, 85 N. Y. 153; *Matter of Miller*, 11 App. Div. 337.)

*William L. Learned* and *John De Witt Peltz* for the Albany Historical and Art Society, respondent. The unanimous decision of the Appellate Division cannot be reviewed here on questions of fact. (*Woodbridge* v. *Bank*, 166 N. Y. 245; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 220; *Commercial Bank* v. *Sherwood*, 162 N. Y. 316.) The execution of a codicil, referring to a will, is a republication of the will and makes that will and the codicil to be the last testamentary expression of the testator's wishes. (2 Black. Comm. 502; 1 Jarman on Wills, 175; Williams on Ex. 97, 212; *Hill* v. *Chapman*, 1 Ves. 408; *Brown* v. *Clark*, 77 N. Y. 369; *Van Cortlandt* v. *Kip*, 1 Hill, 590; *Matter of Knapp*, 51 N. Y. S. R. 517; *Matter of Storm*, 3 Redf. 327; *Mooers* v. *White*, 6 Johns. Ch. 374; *Matter of Reynolds*, L. R. [3 P. & D.] 35.)

GRAY, J. This was a proceeding for the probate of a will and of a codicil of Ellen Campbell, deceased, and it therein appeared that she had executed, at different times, and there were existent, two wills and a codicil. On July 6, 1897, one will was executed; on July 19, 1899, another will was executed and on December 7, 1900, an instrument was executed by the testatrix, which declared itself to be a "codicil to the last will and testament of Miss Ellen Campbell, which will bears date July 6, 1897." The will of 1899 modified, or changed, the provisions of the will of July, 1897, in respects relating to legacies given and in giving new legacies. Each of these wills was executed with the requisite statutory formalities and contained the usual revocation clause. The codicil of 1900 modified some provisions of the will of 1897,

expressly revoked others and added some legacies. It made
no reference to the will of 1899. The will of 1897 and the
codicil thereto of 1900 were admitted by the surrogate to
probate, as constituting the last will and testament of the
deceased; while the will of 1899 was refused probate, as
having been revoked. The conclusions of the surrogate in
those respects were unanimously affirmed by the Appellate
Division and the Home for Aged Men, a legatee under the
will of 1899, appeals to this court from the decision below.

Although it is found as a fact by the learned surrogate that
the testatrix, by the execution of the codicil in 1900, repub-
lished her will of July, 1897; nevertheless, the finding is, in
its nature, a legal conclusion from the facts and the question
of law is in the case. It is contended, on the part of the appel-
lant, that the statutory provisions with respect to the destruc-
tion, cancellation and revocation of a will, are applicable to
the present case. (1 R. S. chap. 6, tit. 1, art. 3, sec. 53.)
They, clearly, are not. Whether the earlier will was revived
by the destruction of a later will is not the question; nor does
the validity of testatrix's action with respect to the prior will
depend upon verbal declarations, as in the *Matter of Stickney*
(161 N. Y. 42). The question is whether the execution by the
testatrix of the codicil revived and republished the earlier will
of 1897, a completely executed and existent instrument, so that
the two instruments, together, constituted the final testamen-
tary disposition of her estate. That such is, generally, the
effect of a codicil and that the will thereby republished speaks
from the date of the codicil is a proposition settled upon
authority. (*Van Cortlandt* v. *Kip*, 1 Hill, 590; *Brown* v.
*Clark*, 77 N. Y. 369; *Matter of Conway*, 124 ib. 455.)
That there intervenes, between the will referred to in the
codicil and the codicil itself, another will, executed by the tes-
tatrix and, in terms, revoking other wills, does not affect the
result; because the codicil to the earlier will implies its exist-
ence and effects, impliedly, if not expressly, the revocation of
the intermediate will. Of course, there can be no question
that the purpose of the testatrix was to re-establish her earlier

will; for the title given to the instrument, its subject-matter
and the circumstances of its preparation, with the will before
her, clearly indicate it. Equally clear, too, should it be that
the testatrix purposed the abandonment of her second will.
There is no reason in the law why her manifest purpose
should not be given effect. The object of the Statute
of Wills is to effectuate that which is proved to be the
last will of a deceased person. To that end, it prescribes
certain formalities of execution, whereby the possibility of
imposition, or of fraud, is minimized. When a codicil
is executed with those formalities, it is a final testamen-
tary disposition and the will, to which it is shown to be the
codicil, if itself an existent and a completed instrument,
according to the statute, is taken up and incorporated; so
that the two taken together are deemed to, and necessarily
do, express the final testamentary intentions. In such a case,
it must, logically and manifestly, follow that any other will,
or codicil, prior in date to the codicil in probate, is revoked
and the presence of express words to that effect, in the codicil,
is unnecessary. (See 1 Williams on Executors, [6th Am. ed.]
pp. 251–252; 1 Jarm. on Wills, [5th Am. ed.] *pp. 114–191;
*Brown* v. *Clark, supra; In the Goods of Reynolds,* L. R.
[3 Probate & Divorce] 35.)

In *Brown* v. *Clark,* a married woman executed a codicil,
which, in terms, referred to and republished a will executed
by her before her marriage, and it was held that it effected a
re-establishment and a valid publication of the will, which had
been revoked as the effect, under the statute, of the marriage.
In the English case cited, *In the Goods of Reynolds,* a will
had been executed in 1866, and a codicil to it in 1871. Later,
in 1871, another will was executed, revoking all previous wills
and codicils. In 1872, a codicil was executed, entitled: " This
is a codicil to the will of B. R., dated May, 1866." Probate
was decreed of the will of 1866 and of the codicil of 1872, by
which it had been revived. The codicil of May, 1871, was
held not to be revived, as there was nothing to show such an
intention.

I think the judgment below is right and that it should be affirmed, with costs to the respondents, the Albany Historical and Art Society and the executors, to be paid out of the estate.

Parker, Ch. J., Bartlett, Haight, Cullen and Werner, JJ., concur; O'Brien, J., not voting.

Judgment affirmed.