---

(95 Misc. Rep. 404)

### In re McMULLEN'S WILL.

(Surrogate's Court, Erie County, May 10, 1916.)

WILLS ⬤⇝179—REVOCATION BY LATER WILL.

A will, which makes a full and complete disposition of all the testator's property, renders useless, and therefore revokes, every prior will.

[Ed. Note.—For other case, see Wills, Cent. Dig. §§ 456, 457; Dec. Dig. ⬤⇝179.]

Petition by certain heirs of Ann McMullen, deceased, for construction of her will. Decree ordered in accordance with opinion.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, for petitioner.
Edward N. Mills, of Buffalo, for contestants.

HART, S. The decedent, Ann McMullen, made and executed a series of eight wills and codicils during a period from May 6, 1908, up to and including October 7, 1914. A petition for probate of the last will, dated July 15, and a codicil of October 7, 1914, were filed, and citations regularly issued to the proper parties. Upon the return day of the citation, objections to the probate were filed by certain next of kin and legatees, who had received more favorable consideration in previous wills. A preliminary examination of the subscribing witnesses was had, and the testator's lawyer produced the six preceding wills and codicils prepared by him, which are on file as exhibits in the proceeding for probate. Objections to probate have been withdrawn

by the contesting heirs, who consent to the probate of the will and codicil, and petition this court for a construction whereby clause "fifth" of the codicil of January 24, 1911, may be embodied and included as a part and portion of the last will and testament of the decedent.

The group of wills and codicils executed by the testatrix are not radical in their changes, but indicate a desire to modify bequests and legacies to relatives and charitable institutions under changing conditions. The will offered for probate is carefully prepared, and, while it contains no revocation clause, is divided into five articles and subdivisions, three of which articles contain a sequence of bequests, many of which are contained in the preceding instruments. Article fourth devises and bequeaths all the rest, residue, and remainder of decedent's estate. Article fifth appoints an executor and defines his powers. The codicil, executed a few months later, modifies some of the bequests and republishes the will of July 15th in the following language:

"Fourth. I hereby declare said instrument made by me on said July 15th, 1914, for my last will and testament except so far as it does not contain the things provided for in this codicil, to be a declaration of the manner in which I wish to dispose of my property; and I hereby publish and declare said instrument made said July 15th, 1914, and this codicil, to be, together, my last will, using the said word 'will' according to the definition thereof in section 2768 of the Code of Civil Procedure of the state of New York, so as to signify said last will and testament and this codicil thereto."

The law is well established that a testator can leave but one last will; that a will can be modified by any number of codicils, all being of equal force, if not contradictory. But a will which makes a full and complete disposition of all the testator's property renders useless, and therefore amounts to a total revocation of, every prior will. I have examined the brief and cases cited by contestant, wherein he seeks to have the legacy contained in the codicil of January 24, 1911, read into the last will. The plan proposed by contestant I believe would be in conflict with the intention of the testator, because of a complete disposition of the estate contained in the last will and codicil.

A decree may be entered in accordance with the above memoranda.