In the Matter of the Estate of Edith Tinker, Deceased.

Surrogate's Court, New York County, May 7, 1926.

Wills — construction — testatrix executed codicil to will bequeathing property given her by third party, to his heirs at law — testatrix subsequently executed will naming said party's nieces and nephews, and specifically describing property bequeathed to them — fact that second will contains no words of revocation does not warrant finding that codicil in prior will was not revoked.

The decree admitting the will of testatrix to probate will not be reopened where it appears that testatrix, on learning that she had been made a beneficiary by the will of another, executed a codicil to her will in which she bequeathed the property which had been willed to her to the heirs of her testator and thereafter executed a new will and disposed of all the property left her by the other will to her testator's "four nieces and three nephews" and specifically identified

the property, notwithstanding the fact that the second will contains no express terms revoking the codicil to the prior will; where a final and complete disposition of decedent's property is made in a later will, express words of revocation are not necessary.

APPLICATION for an order reopening a decree of probate for the purpose of offering for probate a codicil to a previous will.

*Ferris, Shepard, Joyce & McCoy*, for the petitioner.

*Snedeker & Snedeker*, for the executrix.

*Franklin Lockwood*, for the respondents.

*Ralph Fay* [*William A. Jones, Jr.*, of counsel], for the legatee.

O'BRIEN, S.   This is an application for an order reopening the decree which admitted the will of testatrix to probate for the purpose of offering for probate a certain codicil to a previous will alleged to have been made by testatrix.   The application is made by William M. Cannon and Charles L. Kingsley, the executors named in said codicil.   It appears that Edward S. Lawrence died on *January 15, 1924*, leaving a last will and testament which was admitted to probate by this court.   In said will he bequeathed the residue of his estate to Edith Tinker, the above-named testatrix. At that time the latter had a will previously executed by her in which she disposed of all her property.   Upon learning that said Edward S. Lawrence had in his will left a portion of his estate to her, she executed on *January 18, 1924*, a codicil to her will in which she recited the fact that she had been made a beneficiary by said will of Edward S. Lawrence and declared that she was executing said codicil for the purpose of disposing of the property bequeathed by said Lawrence's will.   In said codicil she bequeathed the last-mentioned property to the heirs of said Lawrence and named as executors the above-named applicants in this proceeding in place of the persons named in her original will.   On May 28, 1924, she made a new will in which by the 2d paragraph thereof, in specific terms, she disposed of all the property left to her in said will of Edward S. Lawrence by bequeathing it to " his four nieces and three nephews named in his will."   Moreover, she identified the property by further description, referring to it in the statement, viz., " the property is kept separate from my own property in a small box in Guaranty Safe Deposit Company, Fifth Avenue and 44th Street, New York City."   By the 3d paragraph she disposed of her individual property and named her niece Edith Bliss as executrix. This will, executed subsequently to the codicil of the prior will, disposes of all her property, including (1) her individual property, and (2) the property bequeathed to her by said Lawrence's will.

This application is based upon the fact that in the second will of testatrix no express terms of revocation are used and upon the theory that in the absence of express terms in said will no revocation of the codicil to the prior will was effected. This contention, however, is not tenable. Where a final and complete disposition of decedent's property is made in a later will, express words of revocation are not necessary. (*Matter of Campbell*, 170 N. Y. 84; *Matter of Cunnion*, 201 id. 123.) Incidentally, it may be recorded, that the granting of this application and the admission of the codicil to probate would not change the distribution and disposal of the property bequeathed by said Lawrence to decedent and would simply change the personnel of the executorship. The other question raised upon this application, viz., the construction of the language used in the will of testatrix in describing the nieces and nephews of said Edward S. Lawrence, is not germane to this application and may be made in due course in an accounting proceeding. The motion to open the decree of probate is denied. Submit order on notice accordingly.