In the Matter of the Estate of WILLIAM G. WALLACE, Deceased.

Surrogate's Court, Schoharie County, July 17, 1933.

*Alberti Baker* [*Dow Beekman* of counsel], for the proponent.

*Albert E. Arnold,* for Mary Von Koler and others.

GOLDING, S. The instrument propounded as the last will of decedent is holographic and has no attestation clause. It is signed at the end by deceased and two witnesses and bears date March 15, 1932.

Testator died March 12, 1933. He had made a prior will dated April 24, 1930, which was filed during the examination of the witnesses. All persons interested in the prior will were brought in as parties and have appeared by the same attorney and all have filed objections to the probate of the instrument dated March 15, 1932. They allege it is not the last will of deceased; that testator was influenced and dominated by others in making it; that its provisions are unnatural and disinherits his blood relatives; that undue influence should be inferred from the disposition of his property; and that proponent must show testator had intelligence and freedom of action at the time of making it.

The only evidence taken was that of the two witnesses to the paper in question. Both witnesses state they were called by the decedent in the sitting room where he was; that he had this paper before him and declared it to them to be his last will and testament and requested them to sign it as witnesses; that he signed his name first and then they signed their names, all signing in the presence of each other; that there was no one else in the room; that decedent was sixty-two years of age, of sound mind, and under no restraint. They were positive as to what took place. The witness Reed stated the will was in decedent's handwriting. There is no doubt in my mind that the body of the will is in the same

handwriting as the one who signed the name " William G. Wallace " thereto.

Both testator and the two witnesses understood this paper was decedent's last will.

All the statute requires is a substantial compliance with its provisions. No particular words are necessary. (*Matter of Hunt*, 110 N. Y. 278, 281.)

While an attestation clause has weight in showing proper execution of a will, one is not necessary as it is not an essential part of a will. (*Matter of Phillips*, 98 N. Y. 267; *Jackson* v. *Jackson*, 39 id. 153–159; *Matter of Crane*, 68 App. Div. 355.)

The failure of the witnesses to write their addresses after their names does not affect the validity of its execution or incapacitate the witnesses to testify thereto. (*Matter of Phillips*, 98 N. Y. 267, 273.)

I find that this will was executed in conformity with the statute.

No evidence has been offered of undue influence by contestants. The fact decedent gave most of his property to Emma A. Wetjen, not related, does not of itself prove undue influence. Under the prior will he gave her over one-half of his residuary estate absolutely, but in this will he creates a trust fund out of which she is to be paid not more than twelve dollars in any one week, as long as she lives, and on her death whatever is left is given to three residuary legatees. He states in this will she has been his housekeeper for fifteen years. No claim is made of any improper relations between them. It was shown decedent had no fits of anger, was not nervous, excitable or shaky, and did not act queerly nor do improper things. He, undoubtedly, out of gratitude, made this provision for her services to him for those years and the total absence of fraud, imposition, constraint or coercion should sustain his desire under his will. (*Matter of Mondorf*, 110 N. Y. 450.)

The fact decedent himself drew up this will is very convincing evidence in favor of its probate. (*Matter of Shirley*, 134 Misc. 413–416.)

Surrogate BRADFORD, in *Carroll* v. *Norton* (3 Bradf. Sur. 291, 318) says: " There is always difficulty in attacking a holographic will, the presumptions being very strong in its favor."

It is strong evidence of a sound and disposing mind, of his knowledge of its contents, and of no undue influence. (New York Law of Wills, vol. 1, § 205, p. 366, and cases cited.)

I find that the testator was competent to make this will and was not influenced and dominated by others in its execution.

Objection is made that the will of March 15, 1932, does not revoke the will executed by decedent, dated April 24, 1930.

Decedent states in this will: " The loss of money and my life insurance compels me to cancel my will made April 24th, 1930. The following is my last will and testament." By these words he revokes his former will.

The statute on revocation, section 34 of Decedent Estate Law, provides: " No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by *some other will in writing*, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed," etc. This provides two methods of revocation, one by making a new will in writing, and the other by some other form of writing which must be executed with the same formalities with which the will is directed to be executed.

Testator in his will makes a final and complete disposition of all of his property, a different disposition than his will of April 24, 1930, which is also a final and complete disposition of his property. Each will is inconsistent with the other. No person can die having two valid wills of different dates of execution, each disposing of all his property. There is only one last will. The will of March 15, 1932, being in writing, executed as required by statute, is decedent's last will and revokes the former will of decedent, dated April 24, 1930.

Where a final and complete disposition of decedent's property is made in a later will, express words of revocation of former will are not necessary. (*Matter of Tinker*, 127 Misc. 286; *Matter of Campbell*, 170 N. Y. 84; *Matter of Cunnion*, 201 id. 123.)

The executor named in will is disqualified and has also filed its renunciation. The petitioner asks for her appointment as administratrix with will annexed. The residuary legatees object to her appointment and ask that one of their number or a stranger be appointed such administrator. The petitioner and life tenant is not a residuary legatee. Decedent states he has already had her designated as beneficiary in the insurance policy mentioned in the will, and the policy and its proceeds do not pass under this will. If the decedent desired petitioner, his life tenant, to administer his estate, he would have made her executrix of his will instead of the bank. As petitioner does not object to the appointment of a stranger as administrator and the residuary legatees favor it, letters of administration with will annexed will be issued to Andrew Moore upon his taking the oath and filing a bond in the sum of $————.

A decree will be entered accordingly.