In the Matter of the Estate of AMANDA KLEIN, Deceased.

Surrogate's Court, New York County, October 11, 1941.

*Robert E. Perin*, for the petitioner.

*August Paul Knatz* [*Charles A. Rathkopf* of counsel], for George Blasius, respondent and cross-petitioner.

*Abberley, Bryde, MacFall & Amon,* for the Rector, Church Wardens and Vestrymen of Grace Church in the City of New York, respondent.

FOLEY, S. In this contested proceeding there have been presented for probate three separate testamentary instruments. Two of them are related in the sense that it is claimed by the proponent of two of these instruments, that the codicil dated April 8, 1941, was valid, and effectively republished the will dated October 31, 1940. The third instrument is dated February 27, 1941. Its terms made a complete distribution of the estate of the testatrix. It will be noted that the date of its execution intervened between the later codicil and the next prior will of October 31, 1940. In the subsequent part of this decision, the three instruments are referred to respectively as the codicil, the intervening will and the earlier will.

The issues for determination presented by the two petitions for probate and in the answers may be summarized as follows: (1) Was the codicil validly executed and was the testatrix at the time of its execution possessed of sound mind and free from undue influence? (2) Did such codicil effectively revoke the intervening will of February 27, 1941, and validly republish the earlier will of October 31, 1940? (3) In the alternative, if the codicil is valid, did it operate only to modify certain parts of the will of February 27, 1941, in which event should not the earlier will of October 31, 1940, be denied probate?

The evidence conclusively establishes that the codicil was duly executed and that the testatrix was of sound mind at the time she signed it. Moreover, not the slightest evidence of any undue influence exercised upon her has been adduced. (*Matter of Ruef,* 180 App. Div. 203; affd., 223 N. Y. 582; *Smith* v. *Keller,* 205 id. 39; *Matter of Brand,* 185 App. Div. 134; affd., 227 N. Y. 630; *Matter of Dowdle,* 224 App. Div. 450; affd., 256 N. Y. 629; *Matter of Burke,* 250 App. Div. 855; affd., 276 N. Y. 497.) The codicil is, therefore, admitted to probate.

A similar conclusion of validity of execution and soundness of mind and freedom from undue influence of the testatrix, as to the two wills, is justified by the evidence.

There remains for determination the sole question as to whether the codicil republished the earlier will and thereby revoked the intervening will. The disposition of this question is squarely controlled by the decision of the Court of Appeals in *Matter of Campbell* (170 N. Y. 84). The general facts in that case and those presented in the pending proceeding are identical. The special circumstances vary only a trifle but do not affect the applicability of the principles

enunciated in *Matter of Campbell (supra)*. There, on July 6, 1897, one will was executed. On July 19, 1899, another will was executed, and on December 7, 1900, an instrument was executed by the testatrix, which declared it to be a " codicil to the last will and testament of Miss Ellen Campbell, which will bears date July 6, 1897." The codicil modified some provisions of the earlier will of 1897, expressly revoked others and added some legacies. It made no reference to the intervening will of 1899. The codicil and the earlier will were admitted to probate by the surrogate, as constituting the last will and testament of the testatrix. The Court of Appeals affirmed that determination. The intervening will was denied probate upon the ground that it had been revoked. The court held that the execution by the testatrix of the codicil revived and republished the earlier will as a completely executed and existent instrument, so that the two papers, together, constituted the final testamentary disposition of her estate.

In the pending proceeding the testatrix declared the instrument " to be a codicil to my last will and testament, dated October 31, 1940." The language of the two declarations in the respective cases is almost identical in form and, certainly, in substance.

At the time of the execution of the codicil here, there was before the testatrix the earlier will of October 31, 1940. The attorney who drafted the codicil and supervised its execution examined it. He had drawn the earlier will. That instrument became the subject of discussion between himself and his client. The intervening will had been drawn by another attorney. Its existence was unknown to the draftsman of the codicil and it was not even mentioned in the preparation and execution of that instrument.

There were only two modifications of the earlier will made by the codicil. *First*, a legacy to Robert Gerecht, a nephew of the testatrix, in the sum of $500, was revoked. A logical reason for the cancellation of that benefit was stated in the instrument. *Second*, she revoked the appointment of him as executor and continued the executrix named in the earlier will as sole executrix. The surrogate finds upon the evidence that the purpose and intent of the testatrix were to re-establish her earlier will. That conclusion necessarily follows from the express terms of the codicil which refer to the earlier instrument and the circumstances of the preparation of the codicil with the will present before her.

In *Matter of Campbell (supra*, 87) the Court of Appeals stated: " Equally clear, too, should it be that the testatrix purposed the abandonment of her second will. There is no reason in the law why her manifest purpose should not be given effect. The object of the Statute of Wills is to effectuate that which is proved to be the last

will of a deceased person. To that end, it prescribes certain formalities of execution, whereby the possibility of imposition, or of fraud, is minimized. When a codicil is executed with those formalities, it is a final testamentary disposition and the will, to which it is shown to be the codicil, if itself an existent and a completed instrument, according to the statute, is taken up and incorporated; so that the two taken together are deemed to, and necessarily do, express the final testamentary intentions. In such a case, it must, logically and manifestly, follow that any other will, or codicil, prior in date to the codicil in probate, is revoked and the presence of express words to that effect, in the codicil, is unnecessary. (See 1 Williams on Executors [6th Am. ed.], pp. 251–252; 1 Jarm. on Wills [5th Am. ed.], pp. *114–*191; *Brown* v. *Clark*, 77 N. Y. 369; *In the Goods of Reynolds*, L. R. [3 Prob. & Div. 35.) ''

While the exact issues in *Matter of Campbell (supra)* do not appear to have been subsequently presented in any case arising in the Court of Appeals, the general principle enunciated in it, that the effect of a codicil is to republish the will to which it refers and to make such will speak from the new date in so far as it has not been altered or revoked by the codicil, was followed with approval in *Matter of Brann* (219 N. Y. 263) and in *Matter of Greenberg* (261 id. 474).

The surrogate denies probate to the intervening will of February 27, 1941, and directs the admission to probate of the codicil and the earlier will dated October 31, 1940, as the two instruments constitute, together, the final testamentary disposition of the estate. The modifications made in the directions of the testatrix in the codicil necessarily change the terms of the earlier will.

Submit decree on notice accordingly.