Samuel Faile, S.
This is an application for the denial of probate and the issuance of letters of administration. Decedent executed a will on May 26, 1932, the original of which has been filed with the court. Also submitted is a conformed carbon copy of a document purporting to be a will of decedent dated January 26, 1946. Another testamentary instrument presented, while appearing to be in the handwriting of decedent, is undated, unexecuted and unwitnessed. Sufficient evidence has been adduced from two of three subscribing witnesses to prove the 1946 instrument had been executed in conformity with the requirements of section 21 of the Decedent Estate Law. It contained a general residuary clause disposing of decedent’s entire estate, but contained no express provision revoking the prior will. A residuary clause in a second will, which makes a new and different disposition than the residuary clause in the first will, impliedly revokes the prior disposition. (Matter of Blood, 115 N. Y. S. 2d 220, affd. 281 App. Div. 1045; Matter of Tinker, 127 Misc. 286; Matter of Wallace, 148 Misc. 867.) When a final and complete disposition of the decedent’s property is made in a later will, express words of revocation of the former will are not necessary. (Matter of Campbell, 170 N. Y. 84; Matter of Cunnion, 201 N. Y. 123.) If a later will makes a valid disposition of all of the testatrix’ property, it is inconsistent with the existence of any prior will, and without express words of revocation, amounts to revocation of all wills previously executed. (Newcomb v. Webster, 113 N. Y. 191; Matter of Sheldon, 158 App. Div. 843; Matter of McMullen, 95 Misc. 404; Matter of Wuppermann, 164 Misc. 900.) A later instrument may effect a revocation of an earlier will although inoperative in other respects. (Sisters of Charity v. Kelly, 67 N. Y. 409, 415; Matter of Goldsticker, 192 N. Y. 35.) The revocation of the 1946 instrument did not revive the 1932 will. (Osburn v. Rochester Trust & Safe Deposit Co., 209 N. Y. 54; Matter of Hargrove, 262 App. Div. 202, affd. 288 N. Y. 604; Matter of Hill, 176 Misc. 774.)
In applying the above general rules to the case at bar, the court determines that the language in the 1946 will effectively revoked the will of 1932. However, by reason of a failure of petitioner to produce the original or present any proof that it *625 was in existence at the date of decedent’s death, the 1946 will must likewise be denied probate. A will in existence at one time which cannot be located after decedent’s death is presumed to have been destroyed. (Matter of Cunnion, supra.) As the third instrument has not been executed in the manner prescribed by section 21 of the Decedent Estate Law and section 16 of the Decedent Estate Law is inapplicable, it must also be denied probate. Accordingly, therefore, letters of administration shall issue to petitioners upon their filing a duly approved bond in the sum of $10,000.
Submit decree.