S. Samuel Di Falco, S.
Decedent died May 2, 1933, leaving a will dated January 13, 1932 which was admitted to probate in this court on May 8,1933. In it she bequeathed her residuary estate in trust for the life of her son, Sutherland, with remainder to his issue. She provided that should her son predecease hex without issue the remainder would pass, $10,000 to New York Diet Kitchen Association, Inc. and the balance to the children then living of two named friends and the issue of such as may have died. There was no provision for the remainder over in the event her son survived her and died without leaving issue.
*108 In January, 1956, almost 23 years after decedent’s death and the prohate of her 1932 will, a prior will dated November 19, 1930 was offered for probate. In this prior will decedent bequeathed her residuary estate in two equal parts, one in trust for her son Edwin W. Palmer, and the other in trust for her son Sutherland Palmer, with remainders over to them or to their issue. In default of issue she bequeathed the remainder, $10,000 to New York Diet Kitchen Association, Inc. and the balance to the same parties as in the subsequently probated will. After the execution of this will her son Edwin died. Thereafter she executed the probated will of 1932, making disposition of her residuary only for her then surviving son Sutherland and his issue. He survived the decedent. The 1932 will contains no revocation clause.
Sutherland Palmer has filed objections to the probate of the 1930 will, alleging that it was revoked by the later will which disposed of all of decedent’s property. The proponent moves to dismiss these objections and to admit the prior will to probate contending that there was no revocation by the later will. The moving party further claims that there was not a complete disposition of decedent’s property in the later will and that both wills should be read together in order to supply the alleged deficiency in the probated will in failing to provide for a contingency that may occur, namely, the death of the surviving son without issue. There was such provision in the earlier will. It is also urged that there is a gift by implication, but this issue is the ■ subject of a pending construction proceeding now held in abeyance until disposition of the present probate proceeding.
After making certain bequests of personal effects and cash legacies, decedent bequeaths “ all the rest, residue and remainder of my estate” to her executor in trust to pay the income to her son Sutherland with remainder upon his death to his issue then surviving. The language of this will clearly shows the intention of the decedent to dispose of her entire estate. Apparently she expected her son Sutherland, who was her only child, to have issue, and it is to such issue, if he should be survived by any, that she gave the remainder of her estate.
The decedent herein made such complete disposition of her entire property under the probated will as to completely revoke the prior will. Proponent’s contention that a possible failure of the remainder by the death of Sutherland without issue does not amount to full disposition of the whole estate, is without merit. While Sutherland has no issue at the present time, *109 there is of course no certainty that Sutherland Palmer may not still have issue, but even in the event that he does not, decedent in the plainest language in the probated will intended to dispose of her entire residuary estate. (Matter of Blood, 115 N. Y. S. 2d 220, 224, affd. 281 App. Div. 1045.)
The general rule is that in the absence of an express revocation clause, a subsequent will Avhich is inconsistent with the prior will and disposes of all a testator’s property, in fact revokes the prior Avill. (Matter of Cunnion, 201 N. Y. 123; Newcomb v. Webster, 113 N. Y. 191; Matter of Sheldon, 158 App. Div. 843; Matter of Wuppermann, 164 Misc. 900; Matter of Tinker, 127 Misc. 286; Matter of McMullen, 95 Misc. 404; Matter of Gilman, 65 Misc. 409; Ludlum v. Otis, 15 Hun 410; Davids on New York Law of Wills, §§ 367, 368.)
It is true that Avills may be construed together if one is not inconsistent with and actually revoked by the other if such was the intention of a testator and the contents of the later Avill may be shown to determine such intention. (Matter of Cunnion, supra.) Here there is a clear inconsistency between the two wills. In the probated will, even tAvo of the general legacies were changed from the earlier will, and the reason for the change in the dispositions of the residuary estate was obviously due to the death of her son EdAvin. There is not the slightest indication that testatrix intended the wills to coexist. The 1932 Avill completely supplanted the 1930 will.
In Matter of Wuppermann (164 Misc. 900) a case similar to the instant one, where certain trust proAdsions affecting real estate were held to be void under our laws by reason of section 42 of the Real Property Law, it was attempted to reAÚse the plans for real property distribution contained in a prior valid instrument. The court there said (p. 906): “It would be straining beyond reason the doctrine of imputed intention to deem that this testatrix intended to set up her entire residuary estate in a trust with definite provisions for the disposal of the income and principal but Avith a reservation in her mind of the possibility that the instrument wherein she declared her purposes might be held in part invalid and some earlier instrument might be held to govern disposition of her real property. If this combination of intention is to be found it is necessary to assume that she contemplated the possibility of having two instruments to guide her trustees in the performance of their duties and two instruments as the source of their powers. She cannot reasonably be held to have intended any such result. She was dealing Avith the whole of her property in this partially invalid instrument. The instru *110 ment excludes all prior directions of testatrix and revokes all her prior testaments.”
The rationale of the court in that decision is clearly applicable to the situation here.
For the reasons above stated, the motion to dismiss the objections to the probate of the 1930 will is denied, the objections are sustained and the propounded will is denied probate.
Submit decree on notice accordingly.