Maximilian Moss, S.
The question for the determination of the court is whether the codicil of March 8, 1956 revived the will of November 23, 1954 and a codicil thereto of December 20, 1954 which had been revoked by the will of July 31, 1955.
The proof adduced establishes that the propounded instruments were executed by decedent and subscribing witnesses in accordance with statutory requirements. The republication of decedent’s 1954 will by the 1956 codicil operated as a revocation of the will dated July 31, 1955. The absence of a revocation clause in the 1956 codicil does not change the result (T Davids, New York Law of Wills, §§ 367, 368; Matter of Tinker, 127 Misc. 286; Matter of Wallace, 148 Misc. 867).
The court holds that decedent validly revoked the instrument dated July 31, 1955 and re-executed and republished the propounded instruments bearing dates November 23, 1954 and December 20, 1954 by the codicil dated March 8, 1956 (Decedent Estate Law, §§ 34, 21; Surrogate’s Ct. Act, § 144; Matter of Stickney, 31 App. Div. 382, 386, affd. 161 N. Y. 42, 46; Matter of Dodge, 129 Misc. 323, affd. 220 App. Div. 794; Matter of Cable, 123 Misc. 894, 899, affd. 213 App. Div. 512, 515, affd. 242 N. Y. 510, 512), and that at the time the decedent was of sound mind, fully competent to make a will and under no restraint. Probate of the will of November 23, 1954 and the codicils of December 20, 1954 and March 8, 1956 is decreed. Proceed accordingly.