Joseph A. Cox, S.
This testatrix executed a will on May 10, 1950 under which she bequeathed her entire estate to her husband with a substitutionary gift, in the event he should predecease the testatrix, of one half of the estate to her mother and the remaining one half to her mother-in-law. On October 22, 1953 the testatrix executed another will and in this instrument she also bequeathed her estate to her husband but provided, in the event he should predecease her, that certain specific legacies be delivered to a number of persons and the balance of the estate be divided equally between her mother and her mother-in-law. On April 1, 1957 the testatrix executed a codicil which provided that, if the husband should predecease the testatrix, the sum of $4,000 be paid to the mother of the testatrix and, if she should predecease the testatrix, such sum be paid to a brother of the testatrix. The codicil was declared to be “ a First Codicil to my Last Will and Testament dated May 10th, 1950” and contained a clause reading “ Second: Except as provided in this Codicil, I, in all other respects, ratify and republish my said Last Will and Testament dated May 10th; 1950.”
There have been offered for probate the instrument executed on October 22,1953 and the codicil dated April 1,1957. The husband *376 of the testatrix survived her and, for such reason, he would be the sole beneficiary under either of the two wills and the codicil would not affect the disposition of the estate under either will, inasmuch as the alternative dispositions to persons other than the husband, in both wills and the codicil, were conditioned upon his death during the lifetime of the testatrix. In other words, it would be of no different consequence to the husband whether the 1950 will and the 1957 codicil were to be admitted to probate or the 1953 will and the 1957 codicil were to be admitted to probate as, under either combinátion of instruments, he is the sole legatee. A problem arises only because the 1950 will was not in existence either on April, 1957 or at the death of the testatrix.
If the 1950 will was an existing instrument when the 1957 codicil was executed there would be a basis for applying the reasoning which is found in Matter of Campbell (170 N. Y. 84). In that case the facts were that in 1897 the testatrix had executed a will, in 1899 she executed another will which revoked the earlier will and in 1900 she executed a codicil to the 1897 will. The court held that the codicil revived and republished the earlier will and revoked the intermediate will so that the earlier will and the codicil constituted the instruments which disposed of the estate. Applying that thinking to the instant situation a result could be reached that, following the execution of the codicil, that paper and the 1950 will of this testatrix constituted the instruments which would dispose of her estate provided the 1950 will was in existence when the codicil was executed. The importance of the stated proviso, a condition which is not met in the instant case, is demonstrated in the Campbell decision where the court held that the execution of the codicil revived and republished the still existent earliest instrument and then went on to say that the fact that “ there intervenes, between the. will referred to in the codicil and the codicil itself, another will, executed by the testatrix and, in terms, revoking other wills, ■ does not affect the result; because the codicil to the earlier will implies its existence and effects, impliedly, if not expressly, the revocation of the intermediate will.” (Matter of Campbell, supra, p. 86, emphasis supplied.)
Here there can be no implication from the codicil that the will of first date was in existence inasmuch as it has been established as a fact, at a hearing, that such will was revoked by destruction at the time of execution of the second will. Consequently the codicil was not effectual to revoke and republish the will of 1950 which was not in existence at the date of the codicil. “ The object of the Statute of Wills is to effectuate *377 that which is proved to he the last will of a deceased person. To that end, it prescribes certain formalities of execution, whereby the possibility of imposition, or of fraud, is minimized. When a codicil is executed with those formalities, it is a final testamentary disposition and the will, to which it is shown to be the codicil, if itself an existent and a completed instrument, according to the statute, is taken up and incorporated; so that the two taken together are deemed to, and necessarily do, express the final testamentary intentions. In such a case, it must, logically and manifestly, follow that any other will, or codicil, prior in date to the codicil in probate, is revoked and the presence of express words to that effect, in the codicil, is unnecessary.” (Matter of Campbell, supra, p. 87, emphasis supplied.)
In the Campbell case the sole reason for inferring a revocation of the intermediate will was the revival of the earlier will and the consequent conflict that would exist were both the first will and the second will permitted to stand in opposition to each other.- Here the conclusion must be that the first will, a nonexistent instrument at the date of the codicil, could not have been revived by the codicil and, in the absence of such revival, there is no occasion for indulging any inference or implication that the intervening will necessarily was revoked. The conclusion is that the effective testamentary instruments are the 1953. will and the 1957 codicil. The fact that the codicil contains reference to a revoked will and is said to be a codicil to such revoked will might present problems of construction if the provisions of the codicil affected the disposition of the estate but, because the husband survived the testatrix, he is the sole legatee of the estate and the fact of survivorship under which the codicil was intended to be operative, either as an amendment to the 1950 will or the 1953 will, does not exist.
Were the 1950 will in existence when the codicil was executed, the argument could be made that the 1953 will was revoked by the codicil, the 1950 will at that time was revived and a later destruction of the 1950 will would leave the testatrix without a will. That result might flow from extension of the rationale of the Campbell decision but any such consequence would have to be premised upon the essential fact, which is here lacking, that the codicil was effective to revoke an existing will.
Probate of the 1953 will and the 1957 codicil will be granted upon proof that the statutory requirements of execution have been met. The matter is remitted to the Probate Clerk for the taking of proof in that regard.