Pierson R. Hildreth, S.
In this prohate proceeding the somewhat unusual situation presented is that testator made four successive testamentary instruments none of which contained any express clause revolting any of the prior instruments. Furthermore, the second such instrument was not discovered until after the first three had been admitted to probate.
Testator made a will on December 17, 1959 (herein called the first will), just prior to his marriage to a person who was made the income beneficiary of a trust of his residuary estate. He and such beneficiary were thereafter married. He then remade the will on January 12, 1960 (herein called the second will) in substantially the same form as to both paragraph designation and phraseology but in such will renamed such beneficiary by her married name. . Thereafter, on January 29, 1962 he made a codicil stating it to be a codicil to the first will dated December 17, 1959 and without malting any mention of the second will. He thereafter made another codicil on September 12, 1963 stating it to be a ‘ ‘ second codicil ” to his “Last Will and Testament dated December 17, 1959, as amended by codicil dated January 29, 1962.” In both codicils he referred to his wife by her married name.
He died July 12, 1964 survived by his wife and two adult children. Proponent, being unaware of the existence of the second will, offered the first will with the two codicils and they were admitted to probate. Shortly thereafter, Irving Trust *597 Company, a nominated trustee under both wills, advised proponent’s attorney that it had custody of the second will. Proponent then instituted a proceeding to reopen the probate proceeding and requests that the second will be denied probate, or alternatively, if it be admitted to probate as part of the complete testamentary plan, that all instruments be construed to determine the effective provisions.
Petitioner takes the position that the second will should be denied probate on the basis that it has in effect been abandoned and cancelled by the republication of the first will by the codicils and because it does not change the disposition of the estate under the republished will.
Upon the proofs taken, the court finds that the second will was duly executed, and that at the time of execution the testator was in all respects competent to make a will and not under restraint. It is a valid testamentary instrument. (Surrogate’s Ct. Act, § 144; Decedent Estate Law, § 21.) There has been no express revocation of any of the instruments by any other writing or pursuant to any other method prescribed by statute. (Decedent Estate Law, § 34.) Hence, all instruments are entitled to probate unless the doctrine of revocation by implication applies to the second will. More than one will may exist at death and all instruments are then construed to determine the final testamentary disposition. In Matter of Cunnion (201 N. Y. 123) the court stated at page 126: “ A later will is not necessarily a revocation of a prior will, unless by it the prior will is in terms revoked and cancelled, or by the later will a disposition is made of all of the testator’s property, or the same is so inconsistent with the former will that the two cannot stand together, or that the former will is revoked pro tanto. More than one will may exist at the same time, and they may be construed together if such was the intention of the testator, and the contents of the later will may be shown to determine the testator’s intention.”
It is also the rule that a codicil republishes a prior existing will as of the date of the codicil, as well as revives existing codicils to such will. (Matter of Campbell, 170 N. Y. 84; Matter of Cable, 123 Misc. 894, affd. 213 App. Div. 512, affd. 242 N. Y. 510.)
The doctrine of revocation by implication was applied and resulted in revocation of an intermediate instrument in Matter of Campbell (supra); Matter of Klein (177 Misc. 555). (See Matter of Mercer, 207 Misc. 346, affd. 286 App. Div. 997.)
The elimination or “ squeezing out ” of the intermediate will when the revised will makes a complete disposition depends *598 on the facts of each case. (See Matter of Foulds, 21 Misc 2d 402, affd. 13 A D 2d 16, affd. 10 N Y 2d 1027.) Probably in most cases the same results will be obtained by regarding all instruments as valid and then applying the rule that the provisions .of the latest instrument supersede consistent provisions of an earlier instrument and annul inconsistent provisions of ■the earlier instrument as indicated in Matter of Cunnion (supra). In this case, however, the first will as republished by the two codicils makes a complete disposition of the entire estate and the second or intervening will adds nothing whatever to testator’s testamentary intent as shown by the first will as republished. Accordingly, the court finds that testator intended to abandon the .second will, and that it has been revoked by implication.
The first will and two codicils comprise testator’s complete will and all are to be read together as one instrument. (Bloodgood v. Lewis, 209 N. Y. 95.) The will is construed as giving the widow income for life as provided by paragraph Second of the second codicil, with power to invade and consume corpus of the trust not to exceed $2,500 in any calendar year as provided in subparagraph (2) of paragraph Third, of the will, and with disposition of remaining corpus on death of the widow as provided in paragraph Second of the second codicil.
Petitioner’s request for appointment of decedent’s son as successor cotrustee is granted, letters to issue upon due qualification.