William J. Regan, S.
The above deceased died a resident of Erie County on September 23, 1967. Her sole distributee was a brother who resided in North Carolina. On October 30, 1967, upon the designation of the sole distributee, Kevin D. Cox was appointed Public Administrator and has been acting as such since that date.
On October 30, 1967 a petition was presented, praying for the probate of a will of decedent dated October 30, 1964. Citations were issued to the interested parties and this matter came before the court for a hearing. It appears that following the execution of the will the decedent executed a series of subsequent wills under the supervision of a different attorney. The question presented to the court is whether the execution of the subsequent wills expressly or impliedly revoked the October 30, 1964 *413 will. If that is so, and the subsequent wills are not available for probate, then there is no will at all which may be probated and this estate will be handled as an intestacy.
Testimony was taken wherein an attorney testified under oath that he had prepared several wills for this decedent, the last of which will was dated November 17, 1966 and was witnessed by this attorney and another attorney in his office. This November 17, 1966 will was retained for safekeeping by the attorney until March, 1967, when it was returned to the decedent by registered mail, pursuant to her request. An unexecuted copy of the November, 1966 will was admitted into evidence, together with the registered letter receipt, indicating that he had returned it to the decedent. Testimony was given to the effect that the November, 1966 will was executed in accordance with the laws of the State of New York and that the decedent possessed testamentary capacity sufficient to permit her to make a valid will. In this November, 1966 will there was a clause definitely revoking all prior wills and also there was revocation of prior wills by implication, as the entire estate was disposed of.
Subdivision (a) of section 3-4.6 of the Estates, Powers and Trusts Law states, “ If after executing a will the testator executes a later will which revokes or alters the prior one, a revocation of the later will does not, of itself, revive the prior will or any provision thereof.” No proof was offered that the decedent ever took any affirmative action to reinstate the October, 1964 will which is the one offered for probate. (Matter of Shinn, 7 Misc 2d 623; Matter of Moffat, 5 Misc 2d 991.)
Consequently, this court will deny the probate of the proposed will and decide that decedent died intestate and that the Public Administrator may continue to act as the legal representative of this estate.