Otto C. Jaeger, S.
Before the court are four testamentary instruments as follows: (1) a will dated August 8, 1962 which contains a clause revoking all prior wills, (2) a will dated August 29, 1965 which also contains such a clause, (3) a first codicil dated February 12, 1969 to the will of August 8, 1962 and (4) a second codicil dated August 25,1969 to the will of August 8,1962. The proponent asks the court to probate the first will and the two codicils and to deny probate to the will of August 29,1965.
The first codicil contains no reference to the 1965 will but refers to the 1962 will and contains a clause specifically ratifying and confirming it. The second codicil is also silent as to the 1965 will and states: ‘ ‘ twelfth : Except as changed by this Second Codicil I hereby ratify and confirm my said Last Will and Testament dated August 8,1962 and First Codicil dated February 12, 1969 in all respects and declare that said Will and First Codicil and this Second Codicil shall together be my Last Will and Testament. ’ ’
Due execution in accordance with EPTL 3-2.1 has been proven as to the instruments dated August 8, 1962, February 12, 1969 and August 25, 1969 and the competency of the decedent to make those instruments and her freedom from restraint have been established.
To grant the relief requested requires the court to find that (1) the 1962 will has been revived and (2) the 1965 will has been *751 revoked. On the question of revival of the 1962 will, EPTL 3-4.6 is applicable. It reads in part as follows:
“ (b) A revival of a prior will or of one or more of its provisions may be effected by:
“ (1) The execution of a codicil which in terms incorporates by reference such prior will or one or more of its provisions.” The court has no difficulty in holding that the language of paragraph “ twelfth ” of the second codicil constitutes an incorporation by reference of the will of 1962 and the first codicil of 1969 within the intendment of the statute.
The next question is, what disposition is to be made of the 1965 will? The answer depends upon what the court determines the testatrix intended by the execution of the two codicils. With respect to facts practically identical to those here the Court of Appeals in Matter of Campbell (170 N. Y. 84, 87) said: “ The object of the Statute of Wills is to effectuate that which is proved to be the last will of a deceased person. To that end, it prescribes certain formalities of execution, whereby the possibility of imposition, or of fraud, is minimized. When a codicil is executed with those formalities, it is a final testamentary disposition and the will, to which it is shown to be the codicil, if itself an existent and a completed instrument, according to the statute, is taken up and incorporated; so that the two taken together are deemed to, and necessarily do, express the final testamentary intentions. In such a case, it must, logically and manifestly, follow that any other will, or codicil, prior in date to the codicil in probate, is revoked and the presence of express words to that effect, in the codicil, is unnecessary.” This is ample authority for a determination that the testatrix here revoked the will of 1965 (see, also, Matter of Platz, 44 Misc 2d 596; Matter of Klein, 177 Misc. 555).
Probate is denied to the instrument of August 29, 1965. The instruments of August 8,1962, February 12,1969 and August 25, 1969 will be admitted to probate as together constituting the will of this decedent.